IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2037-FL

| | | |
|---|---|---|
| ISMAEL ESPUDO, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN CRAIG APKER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion for voluntary dismissal (DE 13). An action may be dismissed voluntarily by the petitioner without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R.Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the petitioner's request except upon an order of the court. See Fed. R.Civ. P. 41(a)(2).

Because respondent has filed a motion for summary judgment in this case, petitioner's action may only be voluntarily dismissed pursuant to rule 41(a)(2), which permits voluntary dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A petitioner's motion under rule 41(a)(2) should not be denied absent substantial prejudice to the respondent. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).

Here, petitioner requests that his action be voluntarily dismissed because he received the relief he requested-transfer to a Community Correctional Center. The court finds this reasoning is

consistent with Rule 41(a)(2). Accordingly, petitioner's request for voluntary dismissal of this action (DE 13) is GRANTED, and the action is DISMISSED without prejudice.[1]

SO ORDERED, this the 29th day of July, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Given the circumstances of this case, the court finds it appropriate to grant petitioner's motion despite the fact that it did not contain an original signature in violation of this court's Local Civil Rules of Practice and Procedure.